IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3067-FL

| | | |
|---|---|---|
| JERRY DAVID MCKOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NURSE CRISP and NURSE J. HUBBARD, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 55). Plaintiff did not respond to the motion and in this posture the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on February 17, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants violated his rights under the Eighth Amendment to the United States Constitution by failing to provide new cochlear implant for his hearing deficiency. Defendants, sued in their individual capacities, are Nurse Crisp and Nurse J. Hubbard, both of whom are registered nurses at the Catabwa Correctional Center. As relief, plaintiff seeks compensatory and punitive damages, and various forms of declaratory and injunctive relief.

---

[1] The court constructively amends the case caption to reflect dismissal of formerly named defendants John Doe medical doctor, Dr. Brown, Todd Ishee, Timothy Maynor, and MED-EL on August 30, 2022.

Following a period of discovery, and in accordance with the court's case management order, defendants now move for summary judgment. Defendants argue that plaintiff cannot present evidence showing a triable issue of fact on the alleged Eighth Amendment violations, and that they are entitled to qualified immunity. In support of the motion, defendants rely upon memorandum of law and statement of material facts. The court provided plaintiff notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). As noted above, plaintiff did not respond to the motion.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict

for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.   Analysis

Defendants have satisfied their burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Defs' Mot. (DE 33); Defs' Mem. (DE 34)). The burden therefore shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S.

3

at 586–87. Plaintiff has not met this burden where he failed to respond to the instant motion and his complaint is not verified. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding only verified complaint can defeat an otherwise properly supported motion for summary judgment). Moreover, to the extent plaintiff relies on the administrative grievances filed as exhibits to the complaint, those documents do not establish deliberate indifference to serious medical needs, or an unreasonable delay in treatment. See Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014); (Def's Mem. (DE 34) at 6–8). Accordingly, plaintiff has not established a triable issue of fact, and defendants are entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247–48.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 32) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of August, 2024.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge

4